UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAIRO L. GUERRA,<br><br>      Plaintiff,<br><br>    v.<br><br>P.O. ADAM RENWICK, and<br>P.O. JONATHAN MOSQUERA,<br><br>      Defendants. | ECF CASE<br><br>Case No. 19-CV-6900<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

    COMES NOW THE PLAINTIFF Jairo L. Guerra, by his attorneys, Steven M. Warshawsky and John P. Buza, for his complaint against the defendants, P.O. Adam Renwick and P.O. Jonathan Mosquera, and alleging as follows:

**SUMMARY OF THE ACTION**

    1.  This is a civil rights action brought under 42 U.S.C. § 1983 arising from Mr. Guerra's arrest on June 23, 2017, by officers of the City of Peekskill Police Department. During the course of the arrest, which was for a minor property crime (allegedly stealing his girlfriend's cell phone), the defendants subjected Mr. Guerra to unconstitutional excessive force, forcibly tackling him to the ground and striking him multiple times with their fists on his face and body. Although the officers claimed that Mr. Guerra "resisted arrest," this was a lie intended to cover up their unlawful conduct. As a result of the defendants' assault, Mr. Guerra suffered multiple bruises and lacerations, a broken nose, and a fractured right eye socket, among other serious injuries. The officers' bodycam videos of the incident show copious amounts of blood on the ground and on the outside of the police car where Mr. Guerra was handcuffed and searched. Because the defendants violated the

1

plaintiff's clearly established rights, they are not entitled to qualified immunity. By this action, the plaintiff is demanding compensatory damages for the physical, emotional, and financial harms he has suffered as a result of the defendants' unlawful conduct, punitive damages to punish and deter the defendants from engaging in similar unlawful conduct in the future, attorney's fees and costs, and all available legal and equitable relief. The plaintiff demands trial by jury.

## PARTIES

2. Plaintiff **Jairo L. Guerra** is an adult citizen of New York and resides in Brooklyn, New York. Mr. Guerra is an hispanic male and was 26 years old at the time of the incident in this case. Mr. Guerra received a bachelor's degree in business management from Berkeley College in 2012 and was employed at the time of the incident in this case. He does not have any prior arrests or convictions.

3. Defendant **P.O. Adam Renwick** is a police officer employed by the City of Peekskill Police Department. Upon information and belief, his place of business is 2 Nelson Avenue, Peekskill, New York, 10566; (914) 737-8000. P.O. Renwick personally participated in the unlawful conduct alleged herein. At all relevant times, P.O. Renwick was acting under color of state law and within the scope of his employment. P.O. Renwick is being sued in his individual capacity under 42 U.S.C. § 1983.

4. Defendant **P.O. Jonathan Mosquera** is a police officer employed by the City of Peekskill Police Department. Upon information and belief, his place of business is 2 Nelson Avenue, Peekskill, New York, 10566; (914) 737-8000. P.O. Mosquera personally participated in the unlawful conduct alleged herein. At all relevant times, P.O. Mosquera was acting under color of state law and within the

scope of his employment. P.O. Mosquera is being sued in his individual capacity under 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and civil rights laws of the United States.

6. This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

7. There are no administrative prerequisites for bringing the present civil action under 42 U.S.C. § 1983.

## FACTUAL ALLEGATIONS

8. The incident in this case occurred on June 23, 2017, around 7:15pm, on Central Avenue in the City of Peekskill.

9. Mr. Guerra and his girlfriend were on the sidewalk having an argument over her cell phone, which Mr. Guerra had given to her but wanted back because they were breaking up. During the argument, the girlfriend gave Mr. Guerra the phone but asked for it back; Mr. Guerra refused. At some point, the girlfriend grabbed Mr. Guerra and he pushed her away. He did not hit her. She did not fall to the ground, and she was not hurt in any way.

10. P.O. Renwick was driving by in his patrol car when he allegedly witnessed Mr. Guerra and his girlfriend arguing and Mr. Guerra pushing her. He allegedly heard the girlfriend yell "he has my phone" and "I want my phone back." P.O. Renwick stopped to investigate.

11. P.O. Renwick approached Mr. Guerra and his girlfriend, who stopped arguing, and asked them for identification. Mr. Guerra refused to answer the officer's questions. Within seconds, P.O. Renwick's demeanor became hostile and threatening, warning Mr. Guerra: "Listen bro, this can go one of two ways." Although the officer told Mr. Guerra "you committed no crime," he attempted to seize Mr. Guerra, who became scared and started running away. P.O. Renwick pursued Mr. Guerra but stumbled and fell on the street, at which point he called for backup. At no time did Mr. Guerra physically touch the officer.

12. P.O. Renwick returned to his feet and walked towards Mr. Guerra, repeatedly ordering him to "get on the ground." Mr. Guerra did not make any threatening comments or gestures towards the officer, but continued moving away from him, while remaining in the immediate vicinity. Mr. Guerra's hands were visible at all times.

13. An unmarked police car arrived on the scene within 30 seconds and stopped next to Mr. Guerra. P.O. Mosquera emerged from the car. Around this time, Mr. Guerra took his cell phone out of his shorts pocket and told the officers he was going to video their encounter. Within seconds P.O. Mosquera and P.O. Renwick tackled Mr. Guerra to the street.

14. When Mr. Guerra was grabbed by the officers, he yelled "all right, all right" and attempted to comply. Mr. Guerra did not resist the officers or fight the officers. P.O. Renwick's accusation (in the criminal complaints) that Mr. Guerra became "physically combative" and resisted arrest by "flailing his arms" and "striking the Police Officers" is absolutely false.

15. When Mr. Guerra was tackled, P.O. Renwick's bodycam became obscured by something dark although voices can be heard in the background.

4

P.O. Mosquera's bodycam appears to have fallen to the ground and recorded images of the sky, but loud voices can be heard on the video, including Mr. Guerra yelling several times "wait!" and "they're hitting me!" Mr. Guerra's girlfriend also can be heard yelling repeatedly at the officers "please don't hit him!"

16. Neither P.O. Renwick nor P.O. Mosquera's bodycam recorded the actual assault on Mr. Guerra. Both officers admitted in their reports that they "delivered multiple soft hand strikes" (P.O. Mosquera used the term "techniques") on Mr. Guerra during the arrest. The assault lasted approximately 60 seconds.

17. The force used against Mr. Guerra by the defendants was unreasonable, harmful, and legally unjustified. The alleged crime for which Mr. Guerra was being arrested was minor; he did not pose an immediate threat to the safety of the officers or others; and he was not actively resisting arrest.

18. Additional police officers arrived on the scene when Mr. Guerra was being assaulted and arrested by the defendants.

19. A third officer's bodycam video shows Mr. Guerra, his face swollen and bloody, being lifted off of the street by P.O. Renwick and P.O. Mosquera and placed up against a marked police car to be searched. This video shows blood on the street where Mr. Guerra had been assaulted and blood all over the outside of the police car where he was searched.

20. This third officer apparently was tasked with taking Mr. Guerra to the precinct to be booked. The bodycam video shows Mr. Guerra's badly beaten and bloody face as he is sitting in a chair inside the precinct.

21. After being detained overnight at the precinct, Mr. Guerra was arraigned in the Peekskill City Court on June 24, 2017. He was charged with grand larceny for allegedly stealing his girlfriend's cell phone (later reduced to petit

larceny), obstructing governmental administration for allegedly impeding the officer's investigation, and resisting arrest.

22. On June 25, 2017, Mr. Guerra was seen in the Emergency Room at Jamaica Hospital Medical Center in Queens complaining of injury to his right eye following his beating by the police. He was diagnosed with corneal abrasion, subconjunctival hemorrhage (bleeding in the white of the eye), and periorbital ecchymosis (severe black eye); in addition, his contact lens was stuck in his right eye and had to be removed. A CT scan revealed that he had a right medial orbital wall blowout fracture. He also had an acute nasal fracture, fractures of the nasal septum, and fracture of the right front/nasal process of maxilla. Mr. Guerra received follow-up treatment at Jamaica Hospital for his facial injuries as well as for injuries to his left knee and left hip sustained during the assault.

23. Mr. Guerra experienced serious physical pain and suffering caused by the defendants' unlawful conduct.

24. Mr. Guerra experienced serious emotional pain and suffering caused by the defendants' unlawful conduct.

25. Mr. Guerra suffered significant financial damages caused by the defendants' unlawful conduct. He lost income and benefits as a result of losing his job. He was unable to obtain a new job due to the physical and emotional consequences of the beating. Upon information and belief, he is subject to liens for the medical treatment he received in this case.

26. On or about October 4, 2018, the charges against Mr. Guerra were dismissed by the court in the interest of justice.

**COUNT ONE AGAINST P.O. ADAM RENWICK**

27. Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, P.O. Renwick is liable to the plaintiff for excessive force, in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

28. P.O. Renwick is not entitled to qualified immunity. The plaintiff's federal law rights were clearly established and were known or should have been known to P.O. Renwick, and it was not reasonable for P.O. Renwick to believe his actions did not violate the plaintiff's federal law rights.

29. P.O. Renwick acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's federal law rights.

30. As a result of P.O. Renwick's unlawful conduct, Mr. Guerra suffered physical pain and suffering, emotional pain and suffering, and financial damages, for which he is entitled to an award of compensatory damages.

31. Mr. Guerra is entitled to an award of punitive damages to punish P.O. Renwick for his unlawful conduct and to deter him from engaging in similar unlawful conduct in the future.

**COUNT TWO AGAINST P.O. JONATHAN MOSQUERA**

32. Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, P.O. Mosquera is liable to the plaintiff for excessive force, in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

33. P.O. Mosquera is not entitled to qualified immunity. The plaintiff's federal law rights were clearly established and were known or should have been

known to P.O. Mosquera, and it was not reasonable for P.O. Mosquera to believe his actions did not violate the plaintiff's federal law rights.

34. P.O. Mosquera acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's federal law rights.

35. As a result of P.O. Mosquera's unlawful conduct, Mr. Guerra suffered physical pain and suffering, emotional pain and suffering, and financial damages, for which he is entitled to an award of compensatory damages.

36. Mr. Guerra is entitled to an award of punitive damages to punish P.O. Mosquera for his unlawful conduct and to deter him from engaging in similar unlawful conduct in the future.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, the plaintiff hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

## PRAYER FOR RELIEF

WHEREFORE the plaintiff demands judgment against the defendants for:

    A. A judgment declaring that the defendant police officers are liable for violating the plaintiff's federal law rights, as alleged herein;

    B. An award of compensatory damages in an amount to be proved at trial against both defendants, jointly and severally;

    C. An award of punitive damages in an amount to be proved at trial against each defendant individually;

    D. An order requiring the defendants to undergo remedial training on avoiding the use of excessive force;

E.  An order imposing other appropriate equitable remedies on the defendants;

F.  Pre-judgment and post-judgment interest as allowed by law;

G.  Attorney's fees and costs as allowed by law; and

H.  All other relief that the plaintiff may be entitled to under law, or as justice may require.

Dated:  July 24, 2019
        New York, NY

                            Respectfully submitted,

                            *Steven M. Warshawsky*

By:  _____
      STEVEN M. WARSHAWSKY (SW 5431)
      The Warshawsky Law Firm
      Empire State Building
      350 Fifth Avenue, 59th Floor
      New York, NY  10118
      Tel:  (212) 601-1980
      Fax:  (212) 601-2610
      Email:  smw@warshawskylawfirm.com

      JOHN P. BUZA (JB 3590)
      Law Office of John Buza, P.C.
      20 Vesey Street, Suite 1200
      New York, NY  10007
      Tel: (212) 577-9328
      Email:  john@johnbuzalaw.com

      *Attorneys for Plaintiff*